# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

**JAMIE JOHNSON**                                                                                    **PLAINTIFF**

                                                                                    **JURY TRIAL DEMANDED**

**VERSUS**                                                                           **CAUSE NO._____**

**COLBERT COUNTY, ALABAMA;
COLBERT COUNTY SHERIFF'S
DEPARTMENT; SHERIFF FRANK
WILLIAMSON; DEPUTY LNU; and
JOHN DOES 1-10**                                                                              **DEFENDANTS**

## COMPLAINT

This is a civil action to recover actual, compensatory and punitive damages for the Defendants' violation of the Plaintiff's constitutional rights which is actionable under 42 U.S.C. § 1983 and under state law.  The Plaintiff would show the Court:

### PARTIES

1.      The Plaintiff, Jamie Johnson ("Johnson"), is an adult resident of Colbert County, Alabama.

2.      The Defendant, Colbert County, Alabama ("Colbert County"), is a political subdivision of the State of Alabama and may be served through its Clerk, Mark R. Eady.

3.      The Defendant, Colbert County Sheriff's Department ("CCSD"), is a political subdivision of the State of Alabama and may be served with process via its Sheriff, Frank Williamson.

4.      The Defendant, Sheriff Frank Williamson ("Williamson"), is an adult resident of Colbert County, Alabama and is made a defendant in his individual capacity.  Defendant Williamson may be served with process at 201 North Main Street, Tuscumbia Alabama 35674.

5.      The Defendant, Deputy LNU[1], is a Deputy with the Colbert County Sheriff's Department and is made a defendant in his individual capacity.  Deputy LNU can be served with process at 201 North Main Street, Tuscumbia Alabama 35674.

6.      Under Rule 15(c) of the Federal Rules of Civil Procedure, the true names and capacities of the Defendants, John Does 1-10, inclusive, whether individual or otherwise, are unknown to the Plaintiff, who, therefore, sues said Defendants by such fictitious names and will further seek leave of this Honorable Court to amend this Complaint to reflect their true names and capacities when the same are ascertained.  Plaintiff alleges upon information and belief that each of the Defendants designated as a Doe is responsible in some manner and liable herein to the Plaintiff by reason of negligence, wanton and reckless misconduct, and/or in some other manner as alleged hereinafter by this Complaint, and by such wrongful conduct each of the Defendants proximately caused the injury and damage occasioned to the Plaintiff herein.

## JURISDICTION

7.      This action is brought under 42 U.S.C. §1983, 1985, 1988 and the 4th and 8th Amendments to the United States Constitution.  This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights and elective franchise jurisdiction).  Plaintiff further invokes the pendent jurisdiction

---

[1] The arresting Deputy's name is not known but has been referred to as LNU (last name unknown).  When his identity is determined, Plaintiff will seek to add him to the lawsuit with his correct name.
{L0224677.DOCX}

of this Court to hear and decide Plaintiff's claims arising under state law.

8. Plaintiff demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

## **VENUE**

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## **FACTS**

10. On January 31, 2020, Johnson was walking near his residence in Colbert County, Alabama.

11. Johnson was approached by Deputy LNU, with the blue lights on his vehicle engaged. Deputy LNU asked Johnson for identification, but since Johnson had left his wallet at his home, he provided Deputy LNU his social security number. Deputy LNU arrested Johnson without explanation.

12. Johnson was transported to the Colbert County Jail, which is operated by the CCSD, where Defendants intentionally confined him without probable cause and against his will.

13. Once at the jail, Johnson was held on a 4-yr old arrest warrant related to drug charges in Sheffield, Alabama. However, Johnson had not been arrested for drug charges in Sheffield, Alabama and was not the person identified in the charges for that warrant.[2]

14. Upon information and belief, unknown employees of the CCSD placed Johnson into the "drunk tank" and was stripped naked without being provided a bed or proper food for the first five days of his stay at the Colbert County Jail.

---

[2] Plaintiff has attached the information Plaintiff was provided in discovery in the criminal cause of action as Exhibit A., pgs. 1-9.

{L0224677.DOCX}

15. Upon information and belief, Johnson was not provided clothing until seven days after his arrest when he was handcuffed to a bench in the basement of the jail to see a Judge.

16. Johnson was presented to the Honorable Judge Hatcher, who handed Johnson a piece of paper and was the only person to read Johnson his rights. Judge Hatcher set Johnson's bail, and after 18 days at the Colbert County Jail, Johnson satisfied his bond and was released.

17. Records from Colbert County Circuit Court reflect Johnson was provided a court-appointed attorney, Mr. John C. McKelvey, while he awaited trial and that Johnson had pleaded not guilty.[3] Mr. McKelvey informed Johnson his pre-trial conference was set for May 19, 2020 and his trial was set for June 2, 2020.[4]

18. Mr. McKelvey requested and received discovery for the charges against Johnson. The discovery demonstrated Johnson should never have been arrested and held because the arrest warrant and the related drug charges were for a female with the same name.[5] These documents demonstrate Johnson was arrested and held on charges for female of the same name but who had a different social security number and lived in Tennessee.[6]

19. With the information from the charges and the indictment being against a Tennessee female, it was clear Johnson had not violated the law and should not have been held for 18 days unlawfully.

---

[3] The Order of the Colbert County Circuit Court is attached as Exhibit B., pg. 1.

[4] The letter Johnson received from Attorney McKelvey is attached as Exhibit C., pg. 1.

[5] *See* Ex. A., pgs. 1-9.

[6] Pursuant to the Rules of Court, the sensitive information has been redacted with this filing and will be presented to the Court in an unredacted form later.

20. Because of the lack of any evidence linking Johnson to the charges, the case against Johnson was dismissed and all indictments recalled by the State on April 8, 2020.[7]

21. Because of the actions of the Defendants, Johnson was unlawfully deprived of his liberty.

## CAUSES OF ACTION

### COUNT I – CONSPIRACY TO VIOLATE FOURTH AMENDMENT RIGHTS

22. The Defendants conspired to deprive Plaintiff of the constitutional rights afforded him by the Fourth Amendment to the United States Constitution, including the right to liberty and to be free from unlawful detention.

23. The Defendants entered into an agreement to violate the Plaintiff's civil rights and shared in the general conspiratorial objective. Further, an overt act, namely Plaintiff's arrest and subsequent unlawful detention, was committed in furtherance of the conspiracy that caused injury to the Plaintiff.

24. Defendants knew or should have known the information used to arrest, hold and detain Plaintiff was for a Tennessee female with different identifying information than that of Plaintiff. This insufficient evidence did not create probable cause to arrest, hold and detain Plaintiff.

25. As a direct and proximate result of the above described unlawful conduct, Plaintiff sustained general damages, all in violation of Plaintiff's statutory and constitutional rights.

26. As a further direct and proximate result of the above described unlawful conduct, Plaintiff was prevented from performing his usual work and employment thereby sustaining

---

[7] The Order of the Colbert County Circuit Court is attached as Exhibit D., pg. 1.

{L0224677.DOCX}

special damages for lost wages, all in violation of Plaintiff's statutory and constitutional rights.

**COUNT II – DEPRIVATION OF RIGHTS UNDER THE FOURTH AMENDMENT**

27. The Plaintiff has a right under the Fourth Amendment to the United States Constitution to be secure in his person and be free from unreasonable searches and seizures.

28. The Defendants deprived Plaintiff of the constitutional rights afforded him by the Fourth Amendment to the United States Constitution by knowingly arresting and imprisoning Plaintiff against his will without legal authority or justification.

29. When the Defendants deprived Plaintiff of these rights, they were acting under the color of State law.

30. The Defendants were deliberately indifferent to Plaintiff's civil liberties and his right to be free from unlawful detention or confinement.

31. As a direct and proximate result of the above described unlawful conduct, Plaintiff sustained general damages, all in violation of Plaintiff's statutory and constitutional rights.

32. As a further direct and proximate result of the above described unlawful conduct, Plaintiff was prevented from performing his usual work and employment thereby sustaining special damages for lost wages, all in violation of Plaintiff's statutory and constitutional rights.

**COUNT III – CONSPIRACY TO VIOLATE EIGHTH AMENDMENT RIGHTS**

33. The Defendants conspired to deprive Plaintiff of the constitutional rights afforded him by the Fourth Amendment to the United States Constitution, including the right to liberty and to be free from unlawful detention.

34. The Defendants entered into an agreement to violate the Plaintiff's civil rights and shared in the general conspiratorial objective. Further, an overt act, namely Plaintiff's arrest and

subsequent unlawful detention, was committed in furtherance of the conspiracy that caused injury to the Plaintiff.

35. As a direct and proximate result of the above described unlawful conduct, Plaintiff sustained general damages, all in violation of Plaintiff's statutory and constitutional rights.

36. As a further direct and proximate result of the above described unlawful conduct, Plaintiff was prevented from performing his usual work and employment thereby sustaining special damages for lost wages, all in violation of Plaintiff's statutory and constitutional rights.

### COUNT IV – DEPRIVATION OF RIGHTS UNDER THE EIGHTH AMENDMENT

37. The Defendants deprived Plaintiff of the constitutional rights afforded him by the Eighth Amendment to the United States Constitution by knowingly subjecting Plaintiffs to cruel and unusual punishment without legal authority or justification.

38. The Defendants were deliberately indifferent to Plaintiff's civil liberties and his right to be free from cruel and unusual punishment.

39. Upon information and belief, Plaintiff was subjected to cruel and unusual punishment while confined at the Colbert County Jail when he was stripped, left unclothed, not provided a bed and deprived of proper nutrition.

40. As a direct and proximate result of the above described unlawful conduct, Plaintiff sustained general damages, all in violation of Plaintiff's statutory and constitutional rights.

41. As a further direct and proximate result of the above described unlawful conduct, Plaintiff was prevented from performing his usual work and employment thereby sustaining special damages for lost wages, all in violation of Plaintiff's statutory and constitutional rights.

### COUNT V – SUPERVISORY LIABILITY

42. The Defendants, and specifically Williamson, in his individual capacity, violated Plaintiff's rights under the Fourth and Eighth Amendments to the United States Constitution and are liable under 42 U.S.C. §1983 for failure to properly train their employees or agents because: (1) the respective supervisors failed to supervise and/or train their subordinate officials; (2) a causal link exists between failing to train or supervise and violating the Plaintiff's rights; and (3) failing to train or supervise amounts to deliberate indifference.

43. Further, the need for more or different training is so obvious, and the inadequacy so likely to violate constitutional rights, that Defendants can reasonably be said to have been deliberately indifferent to the need. That failure amounts to a deliberate indifference to the rights of persons with whom the Defendants came into contact, and which failure constitutes a custom and policy of the CCSD and the Colbert County Commission.

44. As a direct and proximate result of the above described unlawful conduct, Plaintiff sustained general damages, all in violation of Plaintiff's statutory and constitutional rights.

45. As a further direct and proximate result of the above described unlawful conduct, Plaintiff was prevented from performing his usual work and employment thereby sustaining special damages for lost wages, all in violation of Plaintiff's statutory and constitutional rights.

## PENDENT STATE LAW CLAIMS

### COUNT I – FALSE ARREST/IMPRISONMENT

46. On August 20, 2020 Plaintiff submitted a Notice of Claim to the Colbert County Commission under Alabama law, notifying the County he planned to file a civil action based on his false arrest, subsequent wrongful imprisonment and cruel and unusual punishment.

47. The Commission has denied Johnson's claim and no compensation has been

provided.

48. The Defendants intentionally instigated, directed, participated and/or effected the arrest and later imprisonment of the Plaintiff.

49. Deputy LNU, with the active participation of other unknown CCSD employees, arrested and jailed Plaintiff at the Colbert County Jail.

50. The Plaintiff's arrest and subsequent prolonged imprisonment was wrongful and without legal authority or justification.

51. Plaintiff's imprisonment continued beyond the time that Defendants knew or should have known that no criminal charges could properly lie against Plaintiff.

52. The conduct of Defendants, and each one, was negligent, wanton, malicious, willful, in bad faith and in reckless disregard of Plaintiff's constitutional rights.

53. As a direct and proximate result of the above described unlawful conduct, Plaintiff sustained general damages, all in violation of Plaintiff's statutory and constitutional rights.

54. As a further direct and proximate result of the above described unlawful conduct, Plaintiff was prevented from performing his usual work and employment thereby sustaining special damages for lost wages, all in violation of Plaintiff's statutory and constitutional rights.

## COUNT II – MALICIOUS PROSECUTION

55. Plaintiff was subjected to judicial proceedings in Colbert County, Alabama by Defendants for charges levied against a Tennessee female.

56. There was no probable cause for the judicial proceedings against Plaintiff.

57. Defendants acted out of malice or under such circumstances that evidence deliberate indifference to Plaintiff's constitutional rights.

58. The judicial proceedings were terminated in Plaintiff's favor.

59. The Plaintiff has been damaged because he has been subjected to pain, suffering, loss of liberty, emotional distress, mental anguish, embarrassment, humiliation, loss of time and loss of income.

60. As a further direct and proximate result of the above described unlawful conduct, Plaintiff was prevented from performing his usual work and employment thereby sustaining special damages for lost wages, all in violation of Plaintiff's statutory and constitutional rights.

## COUNT III – INFLICTION OF EMOTIONAL DISTRESS

61. Defendants had a duty to refrain from engaging in activity likely to cause severe emotional distress to Plaintiff.

62. Defendants intentionally and/or negligently breached that duty by causing the arrest and detention of Plaintiff by verbally and physically abusing and assaulting Plaintiff, and by continuing a pattern of harassment and intimidation against Plaintiff.

63. The Plaintiff has been damaged because he has been subjected to pain, suffering, loss of liberty, emotional distress, mental anguish, embarrassment, humiliation, loss of time and loss of income.

64. As a direct and proximate result of the above described unlawful conduct, Plaintiff sustained general damages, all in violation of Plaintiff's statutory and constitutional rights.

65. As a further direct and proximate result of the above described unlawful conduct, Plaintiff was prevented from performing his usual work and employment thereby sustaining special damages for lost wages, all in violation of Plaintiff's statutory and constitutional rights.

## **DAMAGES**

66.     The Plaintiff, because of the actions hereinabove described, has suffered from mental anguish, worry, inconvenience, emotional distress, humiliation, embarrassment, and other non-pecuniary damages.

67.     The Plaintiff has suffered pecuniary damages, including lost wages, due to unlawful deprivation of his constitutional rights and other improper actions by all Defendants.

68.     The Plaintiff lost his residence and his possessions while held at the Colbert County Jail and claims replacement value for his belongings.

69.     Further, the Plaintiff is entitled to punitive damages due to the willful, wanton, outrageous, unlawful, and improper actions of all Defendants.

## **PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

A.     Actual damages in an amount to be determined by the trier of fact;

B.     Compensatory damages for lost wages, mental anguish, worry, inconvenience, emotional distress, humiliation, embarrassment, and other non-pecuniary damages;

C.     Punitive damages;

D.     Reasonable attorney's fees; and

E.     Reasonable costs.

Respectfully Submitted,

**JAMIE JOHNSON**

BY:     /S/ *Thomas O. Cooley*
                THOMAS O. COOLEY, MBN 103991
                ATTORNEY FOR PLAINTIFF

**LANGSTON & LOTT, PLLC**
100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE: (662) 728-9733
FACSIMILE: (662) 728-1992
EMAIL: tcooley@langstonlott.com